# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BETTY SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-CV-1347-P |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on August 3, 2007. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On July 20, 2005, plaintiff Betty Shelton ("Plaintiff" or "Shelton") filed an application for disability insurance benefits claiming disability due to back pain, arthritis, pain in her left shoulder, hands, leg and back and bursitis. (Administrative Record (hereinafter "Tr.") at 36, 40, 45, 56-57, 67, 111). Shelton also filed a claim for Supplemental Security Income "SSI") on April 20, 2005. She alleged a disability onset date of April 1, 2005. (Tr. at 67, 112).

The Administrative Law Judge ("ALJ") conducted a hearing on October 3, 2006 at which Shelton appeared without counsel. (Tr. at 162-189). She testified on her own behalf. On October 25, 2006, the ALJ denied Plaintiff's request for benefits, finding that she was not

disabled because she retained the residual functional capacity to perform her past relevant work as a telemarketer. (Tr. at 13-18).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on June 1, 2007, the Appeals Council denied her request. (Tr. at 2). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on August 3, 2007. Defendant filed an answer on October 12, 2007. On December 27, 2007, Plaintiff filed her brief, followed by Defendant's brief on February 21, 2008. Plaintiff did not file a reply brief.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion: To prevail on a claim for disability insurance or SSI benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step four, finding that Plaintiff's arthritis and bursitis in her left shoulder, hands, leg and back are severe impairments but that Plaintiff retains the capacity to perform her past relevant work as a telemarketer. (Tr. at 17). He therefore denied Plaintiff's request for benefits. (Tr. at 17-18).

After considering the relevant medical evidence and Plaintiff's own testimony at the hearing, the ALJ concluded that Plaintiff maintains the residual functional capacity to lift a

maximum of 20 pounds with frequent lifting and/or carrying up to 10 pounds, with no pushing and pulling or arm or leg controls and no reaching overhead or reaching that requires two hands. (Tr. at 17). Therefore, the ALJ found that Plaintiff retained the residual functional capacity to perform for her past sedentary work as a telemarketer (Tr. 17).

Plaintiff alleges several errors by the ALJ. First, Plaintiff argues that the ALJ failed to give proper weight to the medical statement of Dr. Ingrid Zasterova in determining Plaintiff's residual functional capacity. The Social Security regulations define residual functional capacity as the most an individual can still do despite any physical and mental limitations that affect what she can do in a work setting. *See* 20 C.F.R. §§ 404.1545, 416.945. It is the ALJ's responsibility alone to determine the residual functional capacity based on "all the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), 416.945(a)(3), 416.946(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

Dr. Zasterova, a physician with North Texas Independent Medical Examiners, performed a one-time consultative examination of Plaintiff on September 22, 2005. (Tr. at 145-148). In her report, Dr. Zasterova opined that Shelton was able to "sit 30 minutes, stand 10 minutes, walk probably 1-2 blocks very slowly and carefully occasionally using her single tipped cane, lift 5-10 pounds and handle objects with fine finger control well." (Tr. at 148). Plaintiff contends that the ALJ should have given more weight to Dr. Zasterova's opinion and, as a result, that he should have found that Plaintiff's severe impairments precluded her from performing her past relevant work as a telemarketer.

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *see also Greenspan v.*

4

*Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Further, as a consultative examiner as opposed to a treating physician, Dr. Zasterova's opinion is not accorded the controlling weight given to treating physicians. 20 C.F.R. §§ 404.1527(d)(2)-(3), 416.927(d)(2)-(3). Therefore, the ALJ could properly discount her testimony based on her lack of treatment relationship with Ms. Shelton and after reviewing the entirety of the medical evidence and plaintiff's own testimony.

The ALJ fully considered Dr. Zasterova's report in making his decision and, in fact, cited to her medical findings in detail. (Tr. at 16). Those findings include the following: Dr. Zasterova noted that Shelton was in no acute distress, sat in the chair comfortably, and arrived without any assistive devices (such as a cane) (Tr. at 146). She was able to get on and off the examining table "relatively easily" (Tr. at 147). Examination of Shelton's back revealed normal curvature, no palpatory tenderness, no paralumbar muscle spasm, and a range of motion of 70 degrees. (Tr. at 147). Examination of Shelton's extremities revealed a decreased range of motion of 50 degrees in her left shoulder but no obvious deformities in any joints. (Tr. at 147). She could make a fist and extend her fingers, had full grip strength and full muscle strength in all four extremities, and her knees had a free range of motion (Tr. at 147). Shelton had a short-stepped and antalgic gait but a normal station. (Tr. at 147). She was unable to walk on her toes or heels without losing balance, and she could squat 40 degrees holding onto the examining table and raise herself up in the same way. (Tr. at 147). Straight leg raising was negative for nerve pain (Tr. at 147). Her fine and dexterous finger control was described as adequate. (Tr. at 147). She was without muscle atrophy and she exhibited no sensory deficits. (Tr. at 147).

Dr. Zasterova's findings, which reveal a primarily normal examination, do not support her functional assessment and, therefore, it was well within the prerogative of the ALJ to give her

5

opinion less weight in his residual functional capacity analysis. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) ("[t]he more a medical source presents relevant evidence to support an opinion particularly medical signs and laboratory findings, the more weight we will give that opinion."). Further supporting the ALJ's analysis is the fact that the ALJ stated that he considered all opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527, 416.929 and SSR 96-2p, 96-5p and 96-6p.

The ALJ's residual functional capacity determination is also supported by the limited treatment records during the relevant period, which reflect only three instances of treatment, none of which supports the less than sedentary functional capacity urged by Plaintiff. (Tr. at 16, 125-131, 133-139, 141-144). On July 20, 2005, Plaintiff visited the Primacare Mesquite clinic, complaining generally of low back pain since July 17, 2005. (Tr. at 133-139). The physician assessed low back pain and prescribed pain medication and a muscle relaxer. (Tr. at 133-134). In the other two instances, Plaintiff sought treatment for a fracture to her left shoulder in May 2005 after a fall and physicians treated her with a sling for her arm, shoulder exercises, pain medication, and a muscle relaxer (Tr. at 127-131, 141-144). She denied any left hand, wrist, or elbow pain and the physician noted only that she had a tender left shoulder and limited range of motion (Tr. at 127). Shelton failed to keep an appointment for an orthopedic evaluation for her shoulder on May 18, 2005 (Tr. 125). This minimal medical evidence and Plaintiff's lack of follow up treatment support the ALJ's evaluation.

In addition, the ALJ did, in fact, recognize Plaintiff's subjective allegations of pain in her left shoulder and back by limiting her to work that did not require pushing and pulling, arm or leg controls, overhead reaching, or reaching that requires two hands. (Tr. at 17). Plaintiff's

testimony regarding her daily activities, which include babysitting her grandchildren and performing light chores such as dusting and washing dishes, as well as her testimony that she had been calling around for work also support the ALJ's decision. (Tr. 17, 182, 184). The ALJ properly considered Dr. Zasterova's opinion, incorporated the limitations he found consistent with the weight of the totality of the medical evidence, and made a residual functional capacity determination that is supported by substantial evidence.

Plaintiff next contends that the ALJ did not secure a valid waiver of counsel. There is no constitutional right to counsel at a Social Security hearing. *See Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992). However, a Social Security claimant does have a statutory right to notice of the options of obtaining legal representation in disability proceedings. *See* 42 U.S.C. § 406(c); 20 C.F.R. §§ 404.1706, 416.1506. "[T]here is an obligation on the part of the Secretary to notify the claimant of his or her right to be represented at the hearing before the administrative law judge." *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). Social Security regulations specify that the Agency will provide written notification to a claimant of her right to representation during the administrative proceedings and that this notice must include "information about [her] options for obtaining an attorney"and that representation may be available from a legal services organization free of charge. 20 C.F.R. §§ 404.1706, 416.1506.

Plaintiff received adequate notice of the right to counsel in writing before the hearing and orally at the hearing (Tr. 24, 43, 48, 50, 169-173). Two of these written notices included a paragraph entitled "IF YOU WANT HELP WITH YOUR HEARING [OR APPEAL]," which provided:

> You can have a friend, a lawyer or someone else help you. There

> are groups that can help you find a lawyer or give you free legal
> services if you qualify. There are also lawyers who do not charge
> unless you win your appeal. Your local Social Security Office has
> a list of groups that can help you with your appeal. If you get
> someone to help you, you should let us know. If you hire someone,
> we must approve the fee before he or she can collect it. And if you
> hire a lawyer, we will withhold up to 25 percent of any past due
> Social Security benefits to pay toward the fee. We do not withhold
> money from SSI benefits to pay your lawyer.

(Tr. at 43, 50). While the ALJ did not provide her with oral notice that she could retain an attorney through a contingency fee arrangement or that free legal services could be available, Plaintiff received written notice of these avenues of representation before the hearing. (Tr. at 41, 50). The written notices, in conjunction with the ALJ's discussion of the issue at the hearing (Tr. at 169-173), adequately informed Plaintiff of her right to counsel and she waived such right when she consented to proceed with the hearing without an attorney. *See Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) ("[w]e conclude that the numerous written notices Castillo received-along with the ALJ's reminder to Castillo at the hearing of her right to counsel-sufficiently informed her of her right to an attorney, and that she validly consented to proceed without representation").[1]

Third, Plaintiff argues that the ALJ failed to fully develop the record. "The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citations omitted). However, ultimately, Plaintiff bears the burden of proving that she is unable to perform her past relevant work. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The

---

[1] Plaintiff relies on *Gullett v. Chater*, 973 F.Supp. 614, 621 (E.D.Tex. 1997) in support of her position. However, the plaintiff in that case received no pre-hearing written notice. Such is not the case here as Plaintiff received numerous written notices of her right to representation in the administrative proceedings.

Fifth Circuit has held that to obtain reversal for an ALJ's failure to fully develop the record, a plaintiff must demonstrate prejudice. *Brock v. Chater*, 84 F.3d 726, 737 (5th Cir.1996) (explaining that plaintiff must "show that [s]he 'could and would have adduced evidence that might have altered the result' ") (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir.1984)). Therefore, she must show that she could and would have adduced evidence that might have altered the result.

Plaintiff argues that the Agency should have obtained current medical records for the period of September 2005 through October 2006, but she does identify any particular records which exist for the time period or describe the content of such records. The Agency contacted the medical providers identified by Shelton and requested medical records for the period of twelve months before she filed her disability action as required under the Regulations. (Tr. at 124, 132, 140). *See* 20 C.F.R. §§ 404.1512(d), 416.912(d). Shelton has not identified any evidence not presented to the ALJ that would have changed his decision nor did she submit any additional medical evidence to the Appeals Council or this court for consideration. In fact, Shelton has indicated that she does not have a treating physician for her medical conditions and, therefore, additional treatment records are unlikely to exist. (Tr. at 83, 121). Therefore, Plaintiff has not established that the ALJ erred in failing to fully develop the record.

Finally, Plaintiff claims that the ALJ should have found that her obesity is a severe impairment. "As with any other medical condition . . . obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-01p, *Titles II and XVI: Evaluation of Obesity*; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c).

9

"An impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Plaintiff bears the burden of proving that her impairment is severe. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *Masterson v. Barnhart*, 309 F.3d 267, 271 -272 (5th Cir. 2002).

In listing her disabling impairments, Shelton never included obesity. Nor did she include any complaints related to her obesity in her disability reports. (Tr. at 36, 40, 80, 82, 111). Further, she has submitted no evidence indicating that her obesity limits her ability to perform basic work activities and none of the examining physicians indicated any such limitations. She appears to argue that because she is obese, her obesity is necessarily a severe impairment; however, such is not the case. *See* SSR 02-01p ("we will find that obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities"); *Hames*, 707 F.2d at 165 ("[t]he mere presence of some impairment is not disabling per se"). Therefore, the ALJ did not err by excluding obesity from the list of Plaintiff's severe impairments.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 30th day of September, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.